IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

**BRAINARD E. BIVENS**                                                                                    **PLAINTIFF**

v.                                   **CASE NO. 5:18-CV-00244 BSM**

**RICHARD TURNER, Jefferson
County DHS Administration, et al.**                                                          **DEFENDANTS**

## ORDER

Defendants' motion for summary judgment [Doc. No. 11] is granted, and Brainard Bivens's case is dismissed with prejudice.

### I. BACKGROUND

Bivens is suing the Department of Human Services ("DHS") for violating Title VII of the Civil Rights Act and the Americans with Disabilities Act ("ADA"), and for retaliating against him. The undisputed facts are as follows.

Bivens is a black man who worked for DHS for twenty-two years until he was terminated in December of 2016. Doc. 11-1, Ex. F. While employed by DHS, Bivens supervised clerical staff and received a "satisfactory" performance rating in June 2016. Doc. No. 11-1, Ex. G; Def's F. ¶ 4. Between June and September 2016, however, Bivens received an "unsatisfactory" performance rating and was placed on an improvement plan. *Id.* at ¶¶ 5–6. Bivens was relocated in September 2016, and he was notified that he was failing to adequately manage his staff, who were creating a disruptive work environment. Doc. No. 11-1, Exs. F–G.

Bivens filed a grievance challenging his "unsatisfactory" rating and alleging race, sex,

and disability discrimination. Def's F. ¶ 10. After a hearing was conducted, the office of employee relations concluded that Bivens failed to: adequately supervise his staff; produce weekly production reports; register clerical staff for training sessions; and complete meaningful personnel evaluations. Doc. No. 11-1, Ex. H.

DHS terminated Bivens after he filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). *See* Compl.; Def's F. ¶ 15. Defendants now move for summary judgment.

## II. LEGAL STANDARD

Summary judgment is appropriate when there is no genuine dispute as to any material fact, and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 249–50 (1986). Once the moving party demonstrates that there is no genuine dispute of material fact, the non-moving party may not rest upon the mere allegations or denials in his pleadings. *Holden v. Hirner*, 663 F.3d 336, 340 (8th Cir. 2011). Instead, the non-moving party must produce admissible evidence demonstrating a genuine factual dispute requiring a trial. *Id.* All reasonable inferences must be drawn in a light most favorable to the nonmoving party. *Holland v. Sam's Club*, 487 F.3d 641, 643 (8th Cir. 2007). The evidence is not weighed, and no credibility determinations are made. *Jenkins v. Winter*, 540 F.3d 742, 750 (8th Cir. 2008).

## III. DISCUSSION

Summary judgment is granted on all of Bivens's claims.

A. Race, Sex, and Disability Discrimination

Summary judgment is granted on Biven's discrimination claims because he has failed to present direct evidence of discrimination and has failed to rebut the non-discriminatory reasons provided by DHS for the adverse employment actions taken against him.

*1. Direct Evidence*

Bivens could survive summary judgment by presenting "direct evidence" of race, sex, and disability discrimination, but he has failed to do so. Direct evidence is evidence specifically showing that DHS placed Bivens on an improvement plan and/or terminated him because he is black, or a man, or disabled. *See McGinnis v. Union Pac. R.R.*, 496 F.3d 868, 873 (8th Cir. 2007) (direct evidence permits a reasonable fact-finder to determine that an illegitimate basis actually motivated adverse employment actions). There is no direct evidence in the record.

*2. Burden-Shifting Framework*

Absent direct evidence of discrimination, Bivens may survive summary judgment by inferring unlawful discrimination under the burden-shifting framework established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). This requires Bivens to establish a prima facie case of discrimination by showing: (1) he is a member of a protected class; (2) he was meeting DHS's legitimate job expectations; (3) he suffered an adverse employment action; and (4) similarly situated employees outside the protected class were treated differently. *Fields v. Shelter Mut. Ins. Co.*, 520 F.3d 859, 864 (8th Cir. 2008); *Higgins v.*

*Union Pacific Railroad Co.*, 931 F.3d 664, 669 (8th Cir. 2019). If Bivens establishes a prima facie case, defendants must show there was a legitimate, nondiscriminatory reason for their actions. *McGinnis*, 496 F.3d at 873. If this is shown, the burden returns to Bivens to show that the reason is pretextual. *Id*.

Bivens has failed to establish a prima facie case of discrimination because he has failed to show that he was meeting the legitimate job expectations of DHS or that similarly situated employees were treated differently. *Higgins*, 931 F.3d at 669. This is true because DHS supervisors are expected to conduct staff meetings, ensure that staff attend training sessions, and complete regular production reports. *See* Doc. No. 11-1, Ex. F. The record indicates that Bivens was failing to satisfy these requirements near the time he was placed on the improvement plan and then terminated.

Even if Bivens has established a prima facie case, defendants have presented a legitimate, nondiscriminatory reason for DHS's employment actions because DHS has a legitimate interest in having its supervisors sufficiently manage their staff. *Bone v. G4S Youth Services, LLC*, 686 F.3d 948 (8th Cir. 2012). Moreover, Bivens has failed to produce evidence showing that the non-discriminatory reasons provided by DHS are pretextual.

B.  Retaliation

Summary judgment is granted on Bivens's retaliation claim because there is no causal connection between his EEOC charge and the employment actions taken against him.

To make a prima facie case of retaliation, Bivens must show that: (1) he engaged in

statutorily protected activity; (2) an adverse employment action was taken against him; and (3) a causal connection exists between the two events. *Clegg v. Ark. Dep't of Corr.*, 496 F.3d 922, 928 (8th Cir. 2007); *Stewart v. Indep. Sch. Dist. No. 196*, 481 F.3d 1034, 1042–43 (8th Cir. 2007). Bivens engaged in statutorily protected activity by filing a grievance and charge of discrimination with the EEOC. Adverse employment actions were taken against him when he was placed on an improvement plan and was ultimately terminated.

Bivens was placed on an improvement plan and received warnings from his supervisor prior to filing his grievance with DHS, however. Doc. No. 11-1, Ex. G. While he was terminated after he filed his charge of discrimination with the EEOC, "even if [he] has proved a prima facie case of retaliation, he has failed to demonstrate that the defendants' legitimate, nondiscriminatory reason for his termination" –failure to adequately supervise –"was pretextual." *Lors v. Dean*, 746 F.3d 857, 868 (8th Cir. 2014).

Bivens's improvement plan had begun months earlier, and he had been given warnings and a hearing on the merits of his discrimination allegations prior to filing a charge of discrimination. Among other responsibilities, Bivens's position required him to ensure that employees actually handled phone calls related to DHS programming, including SNAP and healthcare programs. *See* Doc. No. 11-1, Ex. D. Bivens failed to correct clerical staff when they turned off the ringers of office telephones and took extended breaks, leaving a large volume of calls unanswered. *Id.* Callers left numerous complaints related to unanswered calls and reported inappropriate background noise when calls were answered.

*Id.* The evidence shows that Bivens failed to comply with both DHS policy and the parameters of his probation between August and December of 2016, *see* Doc. No. 11-1, Ex. F. Bivens "does not point to any evidence that this non-retaliatory reason was a mere pretext." *Hustvet v. Allina Health Sys.*, 910 F.3d 399, 412–13 (8th Cir. 2018) (no pretext when employee was terminated due to her failure to comply with legitimate policy of receiving vaccinations in a healthcare setting).

## IV. CONCLUSION

For the foregoing reasons, defendants' motion for summary judgment [Doc. No. 11] is granted, and Brainard Bivens's case is dismissed with prejudice.

IT IS SO ORDERED this 6th day of February 2020.

_____
UNITED STATES DISTRICT JUDGE